**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2124
_____

WANDA ARANA,
　　　　　　　Appellant

v.

TEMPLE UNIVERSITY HEALTH SYSTEM
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No: 2-17-cv-00525)
District Judge: Honorable Harvey Bartle, III
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on January 25, 2019

Before: SMITH, *Chief Judge*, CHAGARES and BIBAS, *Circuit Judges*

(Filed: June 5, 2019)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

BIBAS, *Circuit Judge*.

Wanda Arana was not fired because she is disabled. She was fired because she repeatedly came back late from breaks and slept on the job. And Temple University Health System never refused to accommodate her disability—because she never asked for an accommodation. In any event, there was nothing more that it could have done to accommodate her. So we will affirm the District Court's grant of summary judgment for Temple Health.

## I. BACKGROUND

### A. Facts

Arana worked at Temple Health's call center answering phone calls from patients and staff at two hospitals, including emergency calls from staff. Throughout her time there, Temple Health disciplined her for making many mistakes: misinforming patients, mishandling emergency calls, misscheduling appointments, and being late too often. By March 11, 2015, she had gone through every step of Temple Health's gradual disciplinary policy. So under the policy, Temple Health could fire her if she made even one more mistake.

Arana has diabetes, which causes flare-ups of gastroparesis and diabetic ketoacidosis. She began experiencing these flare-ups in March 2015. Starting on March 20, she took continuous and then intermittent leave under the Family and Medical Leave Act (FMLA). When she returned from her continuous leave in April, Arana felt like her supervisors began "nitpicking" her performance. App. 659.

Arana testified that she never asked Temple Health to do anything "that would have made it easier for [her] at work with respect to [her] medical conditions." App. 656. She

2

asked for help only once: when she went to Temple Health's emergency room for treatment, she asked to be seen sooner. And according to both her testimony and her FMLA application, there was nothing that Temple Health could have done that would have allowed her to work when she had a flare-up anyway.

Four months after Arana returned from leave, the director of the call center, Joseph Alfonsi, got a complaint that calls were not being answered. He investigated and found that Arana had been coming back late from her breaks for several days. And just a few days later, one of Arana's supervisors, Anita Mitchell, found her sleeping after she should have returned from her break. Mitchell said that she found Arana in the break room under a blanket with the lights off. Arana disputed that she was sleeping and said she "believe[d]" she was on her break when Mitchell found her. App. 712. But she admitted that she had been hunched over in the break room with the lights out.

After Mitchell told him that Arana had been caught sleeping on duty, Alfonsi decided to fire her. Sleeping was a serious offense. Although Temple Health's disciplinary policy typically requires a gradual disciplinary process before firing an employee, it provides that "unauthorized sleeping on duty" is grounds for "immediate discharge." App. 1366. And Temple Health fired at least one other employee when it caught her sleeping on the job.

## B. Procedural history

Arana then sued Temple Health, alleging that it had violated the Americans with Disabilities Act (ADA) and the Pennsylvania Human Relations Act (PHRA). The District Court granted summary judgment for Temple Health. Arana raises three arguments on appeal: First, she says that Temple Health fired her because she was disabled. Second, she claims

3

that Temple Health did not reasonably accommodate her disability. And third, she argues that the District Court improperly resolved factual and credibility disputes in favor of Temple Health. We need not address the third argument because we will affirm after reviewing the facts (and law) de novo, viewing the facts in the light most favorable to Arana. *Sulima v. Tobyhanna Army Depot*, 602 F.3d 177, 184 (3d Cir. 2010). We analyze the PHRA using the same legal standard as the ADA. *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 306 (3d Cir. 1999).

## II. TEMPLE HEALTH FIRED ARANA FOR ABANDONING HER POST AND SLEEPING ON DUTY, NOT FOR BEING DISABLED

We apply a burden-shifting framework to summary-judgment motions in employment-discrimination cases. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973) (Title VII); *Raytheon Co. v. Hernandez*, 540 U.S. 44, 49 n.3 (2003) (ADA). In a case alleging pretext, the plaintiff must first make out a prima facie case of discrimination. *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 500 (3d Cir. 1997). The defendant can then respond that it fired the plaintiff for a legitimate reason. *Id.* If it makes that showing, the plaintiff can reply that the defendant's reason was merely a pretext for discrimination. *Id.* at 501.

We need not address whether Arana made out a prima facie case. Even if she did, Temple Health had legitimate reasons to fire her: she came back late from breaks and slept on the job. And these reasons were not a pretext for discrimination.

4

**A. Temple Health fired Arana for abandoning her post and sleeping on duty**

Temple Health fired Arana because it thought that Arana was returning late from breaks and sleeping when she was supposed to be working. Given the importance of her job, sleeping on duty was grounds for immediate firing. At her deposition, Arana said that she was not sleeping and had not exceeded her break. But an employer may act on a legitimate, nondiscriminatory reason even if it is "wrong or mistaken." *Fuentes v. Perskie*, 32 F.3d 759, 765 (3d Cir. 1994). We focus not on what actually happened, but on what the employer honestly believed. *See Capps v. Mondelez Glob., LLC*, 847 F.3d 144, 152-53 (3d Cir. 2017).

The key facts are not in dispute. Alfonsi reasonably believed that Arana had been coming back late from her breaks. And Mitchell reasonably believed that Arana was sleeping while on duty, even if she was not. Arana admitted that she was in the break room with the lights out, hunched over in a chair. She never contradicted Temple Health's evidence that she was under a blanket, that she had been returning late from breaks for several days right before this incident, and that Mitchell had checked to see when her break was over before Mitchell found her in the break room.

**B. Temple Health's reasons were not pretexts for discrimination**

Arana claims that Temple Health's references to her breaks and sleeping were mere pretexts for discrimination. But neither of her arguments holds water.

First, she says that her supervisors nitpicked her performance after she returned from her FMLA leave. But she offers no facts to support her theory that they nitpicked her *because of* her disability. On the contrary, she acknowledges that they had been criticizing

5

her work long before she began taking FMLA leave. She had gone through every step of the disciplinary policy short of termination before then. And Temple Health treated Arana no worse than the non-disabled employee it fired for sleeping on duty.

Second, Arana notes that in discovery, Temple Health did not produce a report with her login/logout information on the day that she allegedly slept on the job. She claims that the District Court should have presumed that this missing report contained evidence of pretext. We do not typically apply evidentiary presumptions at summary judgment. But if Arana was entitled to an adverse inference at trial, she suggests, a reasonable jury might find in her favor. If so, the District Court should not have granted summary judgment.

Whether Arana seeks a presumption at summary judgment or an adverse inference at trial, her argument fails. When evidence is missing, a district court may presume that the evidence was unfavorable or instruct the jury to draw an adverse inference only if it finds that a "party acted with the intent to deprive another party of the information's use in the litigation." Fed. R. Civ. P. 37(e)(2)(A) & (B); *accord Brewer v. Quaker State Oil Ref. Corp.*, 72 F.3d 326, 334 (3d Cir. 1995).

Arana finds it suspicious that Temple Health cannot produce the login/logout report even though it produced the same report for a different day. She says this discrepancy is not explained by Alfonsi's testimony about the reports. But the date on the other report shows that it was pulled before it would have been routinely deleted. So we see no issue with Alfonsi's testimony. Even if there were one, Arana gives no reason to believe that Temple Health intentionally destroyed the report because of this litigation. So there is no

6

basis for presuming that the report was unfavorable or instructing a jury to draw an adverse inference.

### III. TEMPLE HEALTH DID NOT FAIL TO ACCOMMODATE ARANA

Temple Health did not have to accommodate Arana's disability because Arana did not notify it that she needed an accommodation. And even if Arana had done so, Temple Health could not have done anything else to accommodate her disability. To show that her employer did not provide a reasonable accommodation, a plaintiff must prove four elements:

(1) the employer knew about the employee's disability;

(2) the employee asked for an accommodation or assistance;

(3) the employer did not make a good-faith effort to accommodate the employee; and

(4) the employee could have been accommodated.

*Taylor*, 184 F.3d at 319-20 (3d Cir. 1999). No reasonable jury could find for Arana on the second and fourth elements.

### A. Arana did not ask for an accommodation or assistance

An employee must say or do something to put her employer on notice that she would like to be accommodated at work. *Conneen v. MBNA Am. Bank, N.A.*, 334 F.3d 318, 332 (3d Cir. 2003). Nothing Arana did gave Temple Health notice. She testified that she never asked Temple Health for any workplace accommodation or assistance. And the one time she asked Mitchell to help her avoid a long emergency-room wait does not count. That was personal, not related to her work.

Nor did Arana ask for help by asking for FMLA leave. While an FMLA leave request can sometimes count as an ADA accommodation request, an employer ordinarily satisfies

7

its duties under the ADA by granting the FMLA request. *See Capps*, 847 F.3d at 157. Temple Health did just that. And nothing in Arana's request notified Temple Health that she wanted a workplace accommodation beyond FMLA leave.

**B. Temple Health could not have done anything else to accommodate Arana**

Even if Arana had asked for a workplace accommodation, Temple Health could not have done anything more to help her. A plaintiff need not identify the precise accommodation she should have received. *See Taylor*, 184 F.3d at 315-17. But she must "show[ ] that a reasonable accommodation was possible." *Williams v. Philadelphia Hous. Auth. Police Dep't*, 380 F.3d 751, 772 (3d Cir. 2004) (quoting *Donahue v. Consol. Rail Corp.*, 224 F.3d 226, 234 (3d Cir. 2000)). Arana's repeated testimony and her FMLA application both insist that there was no way she could work during her flare-ups. So the only way Temple Health could have accommodated her was by giving her time off when she had a flare-up. And it did just that by granting her request for intermittent FMLA leave. So there are no facts to suggest that other reasonable accommodations were possible.

\* \* \* \* \*

Temple Health did not fail to accommodate Arana's disability. And Temple Health did not discriminate against Arana when it fired her for abandoning her post and sleeping on duty. So we will affirm.